IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ARTHUR McELROY, | ) | 4:06CV3228 |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| NEBRASKA HEALTH AND | ) | |
| HUMAN SERVICES SYSTEM, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

The plaintiff, Arthur McElroy, alleges that while confined at the Lincoln Regional Center (LRC) he was "tortiously assaulted and then tortiously battered" by the defendant Kevin Diks, a LRC employee, "for no apparent motive other than to intimidate plaintiff and deprive plaintiff of his constitutional right to life and liberty free from state-sponsored intimidation and battery." (Filing 1, ¶ 3.) McElroy alleges that Diks acted under the direction of two other LRC employees, the defendants Jason Warner and Liz Willey. McElroy also sues the Nebraska Health and Human Services System (HHS), which operates the Lincoln Regional Center. He seeks to recover compensatory and punitive damages from all defendants.

HHS and Willey, in her official capacity, have each filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Filings 12, 14.) The motions will be granted based on Eleventh Amendment immunity and a final judgment of dismissal will be entered for these defendants.

Eleventh Amendment immunity bars a § 1983 lawsuit against a state agency or state official in official capacity even if the entity is the moving force behind the deprivation of the federal right. Larson v. Kempker, 414 F.3d 936, 939 n. 3 (8th Cir. 2005). While McElroy might sue these defendants under the State Tort Claims Act,

the Eleventh Amendment also prohibits this court from hearing such an action. <u>See</u> <u>Estate of Wondercheck, ex rel. Wondercheck v. Nebraska,</u> No. 4:06CV3087, 2006 WL 3392185, *3 (D.Neb. Oct. 18, 2006) ("I have previously held that although Nebraska waived Eleventh Amendment immunity in the State Tort Claims Act, that waiver does not extend to tort claims filed in federal court.") (citing cases).

Accordingly,

IT IS ORDERED that:

1.   Defendant Nebraska Health and Human Services System's motion to dismiss (filing 12) is granted pursuant to Fed. R. Civ. P. 12(b)(1).

2.   Defendant Liz Willey's motion to dismiss (filing 14), filed in her official capacity only, is granted pursuant to Fed. R. Civ. P. 12(b)(1).

3.   The clerk of the court shall rename the plaintiff's "motion" to deny defendants' motions to dismiss (filing 17) as a "brief".[1]

4.   There being no just reason for delay, final judgment shall be entered by separate document pursuant to Fed. R. Civ. P. 54(b).

May 9, 2007.                          BY THE COURT:

                                     s/ *Richard G. Kopf*
                                     United States District Judge

---

[1] <u>See</u> NECivR 7.1(b)(1)(A) ("The party opposing a motion shall not file an "answer," or "opposition," "objection," or "response" to a motion, or any similarly titled responsive pleading, but instead shall file a paginated brief . . ..").

2