IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ARTHUR McELROY, | ) | 4:06CV3228 |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| LIZ WILLEY, JASON WARNER, | ) | |
| and KEVIN DIKS, | ) | |
| | ) | |
| Defendants. | ) | |

The plaintiff, Arthur McElroy, alleges that while confined at the Lincoln Regional Center (LRC) he was "tortiously assaulted and then tortiously battered" by the defendant Kevin Diks "for no apparent motive other than to intimidate plaintiff and deprive plaintiff of his constitutional right to life and liberty free from state-sponsored intimidation and battery." (Filing 1, ¶ 3.) McElroy alleges that Diks acted under the direction of two LRC employees, the defendants Liz Willey and Jason Warner. Although not specifically alleged in the complaint, it appears from other filings that Diks was a patient at LRC. Several motions are now before the court.

### 1. *Defendant Warner's Motion to Dismiss*

The court previously granted a motion to dismiss filed by LRC and Willey in her official capacity, and a final judgment was entered dismissing these parties from the action. (Filings 28, 29.) A comparable motion to dismiss has since been filed by the defendant Jason Warner in his official capacity only. (Filing 33.) The motion will be granted and a final judgment entered for this official-capacity defendant.

As discussed in the court's previous memorandum and order, Eleventh Amendment immunity bars a § 1983 lawsuit against a state agency or state official in official capacity even if the entity is the moving force behind the deprivation of the

federal right. *Larson v. Kempker*, 414 F.3d 936, 939 n. 3 (8th Cir. 2005). While McElroy might sue Warner in his official capacity under the State Tort Claims Act, the Eleventh Amendment also prohibits this court from hearing such an action. *See Estate of Wondercheck, ex rel. Wondercheck v. Nebraska*, No. 4:06CV3087, 2006 WL 3392185, *3 (D.Neb. Oct. 18, 2006) ("I have previously held that although Nebraska waived Eleventh Amendment immunity in the State Tort Claims Act, that waiver does not extend to tort claims filed in federal court.") (citing cases).

## 2. Motion for Protective Order

The defendants Willey and Warner, in their individual capacities, have filed a motion for a protective order. (Filing 31.) Their motion indicates that McElroy, in "discovery requests to the Defendant and in the subpoena issued to Bill Gibson, C.E.O. of the Lincoln Regional Center on or about May 29, 2007," has sought to obtain "the complete disciplinary file" of Willey, Warner, and Diks, and also an "evaluation" of each defendant. They contend that the requested information is privileged because (1) Diks was a patient at LRC, and Neb. Rev. Stat. § 83-109 prohibits the disclosure of the records of patients or residents of all institutions over which the Nebraska Department of Health and Human Services has jurisdiction, and (2) Willey and Warner were employees of LRC, and any personal information in records regarding personnel of public bodies, other than salaries and routine directory information, is protected from disclosure under by Neb. Rev. Stat. § 84-712.05(7).

As McElroy correctly observes, the defendants' motion fails to comply with Federal Rule of Civil Procedure 26(c), which specifies that a motion for a protective order must be "accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action . . .." *See also* NECivR 7.1(i) ("To curtail undue delay in the administration of justice, this court will not consider any discovery motion unless counsel for the moving party, as part of the motion, shows in writing that after personal consultation with counsel for opposing parties and sincere attempts to

resolve differences, they are unable to reach an accord. This showing shall also recite the date, time, and place of such communications and the names of all persons participating in them. As used in this rule, 'counsel' includes parties who are acting pro se."). Because of this procedural noncompliance, the motion will be denied.

### 3. *Defendant Diks' Motion to Dismiss*

The defendant Kevin Diks has filed a motion to dismiss, claiming that he was not properly served with summons or a copy of the complaint. (Filings 45, 50.) Diks states that he first learned of the lawsuit when he received a copy of the clerk's entry of default that was entered on September 11, 2007 (and subsequently set aside). The court file shows that a summons was issued by the clerk on October 11, 2006, directed to "Kevin Diks, Patient, FMHS, Lincoln Regional Center, West Prospector and Folsom, Lincoln, NE 68522," and that it was sent to that address by McElroy using certified mail. The return receipt shows that the mailing was accepted by someone other than Diks on October 17, 2006. (Filing 7.)

Federal Rule of Civil Procedure 4(c)(2) specifies that "[s]ervice may be effected by any person who is *not a party* and who is at least 18 years of age." (Emphasis supplied.) Thus, a pro se party cannot obtain service under this rule by mailing a summons himself. *See Reading v. United States*, 506 F. Supp. 2d 13, 19 (D.D.C. 2007) (pro se plaintiff violated Rule 4(c)(2)) by personally effectuating service on defendant via certified mail).

However, service upon an individual may also be effected "pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State[.]" Fed. R. Civ. P. 4(e)(1). Under Nebraska law, "[s]ervice by certified mail shall be made *by plaintiff* or plaintiff's attorney." Neb. Rev. Stat. § 25-506.01 (emphasis supplied). Certified mail service is made by "sending the summons to the defendant by certified mail with a return receipt

requested showing to whom and where delivered and the date of delivery[.]" Neb. Rev. Stat. §25-505.01.

In this case, it appears that McElroy's mailing was received by someone at the Lincoln Regional Center on October 17, 2006, but it is not known whether that person could be expected to deliver the mailing to Diks, or whether Diks was still a patient at the LRC when the purported service was made. Diks' motion to dismiss therefore will be granted pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficiency of service of process, but, pursuant to Federal Rule of Civil Procedure 4(m), the court will allow McElroy an extension of time, until December 31, 2007, to effectuate service on Diks, and to file proof of service. *See* Fed. R. Civ. P. 4(l). Diks' motion for appointment of counsel (filings 48, 51) will be denied without prejudice.

Accordingly,

IT IS ORDERED that:

1. Defendant Jason Warner's motion to dismiss (filing 33), filed in his official capacity only, is granted pursuant to Fed. R. Civ. P. 12(b)(1), and, there being no just reason for delay, final judgment shall be entered by separate document pursuant to Fed. R. Civ. P. 54(b), dismissing this official-capacity defendant from the action.

2. Defendants' motion for a protective order (filing 31) is denied.

3. Defendant Kevin Diks' motion to dismiss (filings 45, 50) is granted pursuant to Fed. R. Civ. P. 12(b)(5).

4. Pursuant to Fed. R. Civ. P. 4(m), Plaintiff is granted an extension of time, until December 31, 2007, to serve Defendant Kevin Diks with

4

summons and a copy of the complaint and to file proof of service. If proof of service is not filed by December 31, 2007, the court, without further notice, may dismiss this action without prejudice as against Defendant Kevin Diks.

5. The Clerk of the court is directed to set a pro se case management deadline using the following text: "December 31, 2007: Plaintiff's deadline for filing proof of service."

6. Defendant Kevin Diks' motion for appointment of counsel (filings 48, 51) is denied without prejudice.

November 15, 2007.   BY THE COURT:

   s/ *Richard G. Kopf*
   United States District Judge