IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ARTHUR McELROY, ) | CASE NO. 4:06CV3228 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **STIPULATED PROTECTIVE ORDER** |
| ) | |
| NEBRASKA HEALTH AND HUMAN ) | |
| SERVICES SYSTEM, LIZ WILLEY, ) | |
| JASON WARNER, and KEVIN DIKS, ) | |
| ) | |
| Defendants. ) | |

THIS MATTER came on for consideration pursuant to the agreement of the Plaintiff, Arthur McElroy (pro se), and Defendants Willey and Varner, by and through their counsel, as evidenced by the signatures of the Plaintiff and counsel for the above-named Defendants, for entry of a Protective Order to preserve the confidentiality of certain documents and records obtained by Plaintiff's counsel pursuant to 42 C.F.R. §51.41 with regard to members or patients at the Lincoln Regional Center with respect to the allegations contained within the Complaint filed herein. These documents and records, hereinafter referred to as "Confidential Material," include, but are not limited to, medical records, injury reports and any and all information to which 42 C.F.R. §51.41 permits access.

Counsel for the Defendants, Willey and Varner, has attempted to secure Defendant Diks' consent to the entry of this Protective Order. However, said attempts have proven unsuccessful. Consequently, the confidential material which is protected hereunder shall not be produced to Defendant Diks until such time as he stipulates to the entry of this order.

IT IS HEREBY ORDERED:

1. The Confidential Material and any copies thereof shall be utilized by the undersigned parties solely in connection with discovery, pretrial proceedings, preparation for trial, trial, appeal and/or settlement, and for no other purpose, and shall not be disseminated, published, shown or otherwise disclosed to any person or entity except as provided herein.

2. Access to the Confidential Material discussed above shall be limited to attorneys of record and their staff, Plaintiff, Arthur McElroy and all other parties to this case, the Court, the Court staff, court reporters in connection with this action, and independent experts or consultants employed to assist any attorneys of record in the course of trial or pretrial preparation.

3. With respect to Confidential Material disclosed to any designated expert or consultant or to Defendant, such expert or consultant must first execute the agreement attached hereto as Exhibit A.

4. All persons to whom the Confidential Material is disclosed pursuant to this Order shall:

  a. Be responsible for keeping such custody or control over said Confidential Material so as to assure that said Confidential Material is not lost, misplaced, or inadvertently disclosed in violation of the provisions of this Order.

  b. Not reveal the contents of the Confidential Material to any person not already subject to the terms of this Order;

  c. Not reveal or use the contents of the Confidential Material except for the purposes set forth in Paragraph 1 above; and

      d.      Return promptly to counsel for the disclosing party any copy of any such records entrusted to him or her when no longer required by him or her for the purposes set forth in Paragraph 1 above.

5.      The execution and entry of the Protective Order shall in no way affect or impair the right of Plaintiffs or Defendants to raise or assert any objection or defense to the discoverability of the Confidential Material or to the use, relevance, or admissibility at trial of the Confidential Material or any information contained therein.  The Confidential Material or any information contained therein shall be treated as confidential pursuant to the terms of this Protective Order

6.      The confidential material which is protected hereunder shall not be produced to Defendant Diks until such time as he stipulates to the entry of this order.

7.      After this action is terminated by the entry of a final and non-further-appealable order, the Confidential Material and the information contained therein shall not thereafter be disclosed to any third party and shall be returned to the agency which provided said Confidential Material.

DATED this 14th day of February, 2008.

BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge

AGREED TO:

| | |
|---|---|
| ARTHUR McELROY, Plaintiff, | STATE OF NEBRASKA and THE NEBRASKA DEPT. OF HEALTH AND HUMAN SERVICES, Defendants, |
| | BY   JON BRUNING, #20351<br>      Attorney General |
| BY   s/Arthur McElroy<br>      Arthur McElroy, Plaintiff | BY   s/Vicki L. Adams<br>      Vicki L. Adams, #19499<br>      Assistant Attorney General<br>      2115 State Capitol<br>      Lincoln, NE  68509-8920<br>      Tel: (402) 471-2682<br>      Fax: (402) 471-4725<br>      vicki.adams@nebraska.gov |
| | Attorneys for Defendant State of Nebraska. |

33-1504-23(2)

4