IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ARTHUR MCELROY, | ) | |
| | ) | |
| Plaintiff, | ) | 4:06CV3228 |
| | ) | |
| v. | ) | |
| | ) | |
| LIZ WILLEY, JASON WARNER, | ) | **MEMORANDUM** |
| and KEVIN DIKS, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff's Motion to Compel Compliance with Subpoena (filing no. 55), Defendant Kevin Dix's Motion for Appointment of Guardian Ad Litem (filing no. 60)[1], Dix's Motion for Production of Documents (filing no. 61), Dix's Motion for Court Order (filing no. 62), Dix's Motion to Compel (filing no. 63), Dix's Motion to Dismiss (filing no. 65), and Plaintiff's Motion to Deny Dix's Motion to Dismiss (filing no. 67).

## I.   MOTION TO COMPEL COMPLIANCE WITH SUBPOENA

In Plaintiff's Motion to Compel Compliance with Subpoena (filing no. 55), he states that on or about May 29, 2007, Plaintiff mailed a "lawfully signed and sealed subpoena to Bill Gibson, C.E.O. of the Lincoln Regional Center (LRC)." (Filing No. 55 at CM/ECF p. 1.)  Plaintiff states that a few days after he mailed his subpoena to Gibson, Defendants filed a Motion for Protective Order.  (*Id*.)  On November 15,

---

[1] In the caption of this case, Defendant Kevin Dix's name is spelled "Diks." This spelling is based on the spelling of Dix's name in Plaintiff's Complaint. Defendant Dix has filed several motions with the court and has spelled his last name "Dix." The court will instruct the Clerk of Court to correct the spelling of Dix's name in the case caption.

2007, this court denied the Motion for Protective Order. (Filing No. 52.) In his current motion, Plaintiff states that on two separate occasions after the denial of the protective order, Plaintiff attempted to contact Bill Gibson by phone "and implored him to comply with the subpoena of May 29, 2007." (Filing No. 55 at CM/ECF p. 1.)

Defendants have not filed a response to Plaintiff's Motion to Compel Compliance with Subpoena. However, on February 14, 2008, the court entered a Stipulated Protective Order that was agreed to by all parties to this case with the exception of Defendant Kevin Dix. (Filing No. 66.) From the contents of the Stipulated Protective Order, it appears that the parties have resolved some discovery disputes; however, it is not clear whether Plaintiff wishes to go forward with his Motion to Compel Compliance with Subpoena. Therefore, by April 28, 2008, the Plaintiff shall inform the court whether he would like the court to rule on his Motion to Compel Compliance with Subpoena.

## II.  DEFENDANT DIX's MOTIONS

### 1.  *Motion for Guardian Ad Litem*

Defendant Kevin Dix moves this court pursuant to Federal Rule of Civil Procedure 17(c) to appoint a guardian ad litem to represent him. Rule 17(c) provides for the appointment of a next friend or guardian ad litem to protect the interests of an incompetent party to litigation. The Rule provides:

**(c) Minor or Incompetent Person.**

> **(1)** ***With a Representative.*** The following representatives may sue or defend on behalf of a minor or an incompetent person:
>
> > **(A)** a general guardian;

>**(B)** a committee;
>
>**(C)** a conservator; or
>
>**(D)** a like fiduciary.
>
>**(2)** *Without a Representative.* A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.

Fed. R. Civ. P. 17(c). Based on the record before the court at this stage in the proceedings, the court does not deem it necessary to appoint Defendant Dix a guardian ad litem. Therefore, Defendant's Motion for Appointment of Guardian Ad Litem (filing no. 60) is denied without prejudice.

### 2. *Motion for Court Order*

Next, Dix moves the court to "issue an order on the Nebraska Department of Correctional Services and the Lincoln Regional Center to provide him with a copy of his mental health records." (Filing No. 62 at CM/ECF p. 1 (all-caps font omitted).) Dix states that under state law, a prisoner is not permitted to request and receive his mental health records, but these records are relevant to his defense in this case. (*Id.*)

Liberally construing Dix's motion, he is requesting that the Clerk of Court issue him two blank subpoenas. Therefore, the court will instruct the Clerk of Court to issue two signed blank subpoenas to Dix, to be completed by Dix as provided under Federal Rule of Civil Procedure 45. Dix is advised that a subpoena commanding the Nebraska Department of Correctional Services and the Lincoln

3

Regional Center for production of documents is subject to a motion to quash pursuant to Rule 45(3)(A).

### *3. Motion to Compel and Request for Production of Documents*

Next, Defendant Dix moves the court pursuant to Federal Rules of Civil Procedure 34(b) and 37(a) to compel Plaintiff to produce copies of the documents requested on December 17, 2007.[2]

Federal Rule of Civil Procedure Rule 37(a)(1) states:

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Dix filed an Affidavit in support of his Motion to Compel stating that he has tried to communicate with Plaintiff in an attempt to receive the requested documents and things, but his efforts have been unsuccessful. (Filing No. 64 at CM/ECF p. 1.) Attached to Dix's Affidavit is a letter to Plaintiff evidencing Dix's attempt to resolve this dispute before involving the court. (Filing No. 64 at CM/ECF pp. 6-7.) In the letter, Dix states that he requested that Plaintiff produce:

> 1) Any and all police reports, or other law enforcement reports, that were written or filed in regards to the incident of April 27, 2006 . . . .

---

[2]Dix also filed with the court a Request for Production of Documents. (Filing No. 61.) It appears that Dix's Request for Production of Documents was Dix's original request to Plaintiff. Based on filing 61 alone, the court would not compel Plaintiff to produce the requested documents. Therefore, Dix's Request for Production of Documents (filing no. 61) is denied.

4

  2) Any and all medical records of Plaintiff that documents the alleged incident of April 27, 2006 . . . .

  3) Any and all photographs . . . that show the injuries the Plaintiff received in regards to the incident of April 27, 2006 . . . .

  4) Any and all reports or documents that were filed by Lincoln Regional Center . . . staff regarding the incident of April 27, 2006 . . . .

  5) A complete disciplinary file on Defendant Liz Willey that pertains to the incident of April 27, 2006 . . . .

  6) A complete disciplinary file on Defendant Jason Warner that pertains to the incident of April 27, 2006 . . . .

  7) A complete LRC disciplinary file and/or Department of Correctional Services disciplinary file on Defendant Kevin Dix, regarding the incident of April 27, 2006 . . . .

  8) Copy of Defendant Liz Willey's Answer to Complaint, filing # 16, entered on November 27, 2006.

  9) Copy of Defendant Jason Warner's Answer to Complaint, filing # 32, entered on May 31, 2007.

(*Id*. at CM/ECF 4-5 (all-caps font omitted).) In response to Dix's Motion to Compel, Plaintiff states that with respect to Dix's first six requests, he would be better served by requesting most, if not all, of the requested documents directly from the other Defendants' attorney. Plaintiff states that for the final requests, the documents do not exist. However, the court is confident that a copy of Jason Warner's and Liz Willey's Answers to Plaintiff's Complaint exist. Whether Plaintiff is in possession of the Answers is another matter. Further, Plaintiff states that he has entered into a stipulated protective order that binds Plaintiff from disclosing confidential information to anyone not also bound by the Protective Order, and that Dix refused to sign the agreement.

  Rule 26(b)(1) states "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Indeed, "the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery

5

appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). After reviewing Dix's discovery requests, the court concludes that he has requested documents and things that are relevant to this action and that appear reasonably calculated to lead to the discovery of admissible evidence. Furthermore, the court's records show that since Plaintiff's response to Dix's Motion to Compel, Dix has agreed to be bound by the parties' Protective Order. (*See* Filing No. 69.) Accordingly, Plaintiff is instructed to comply with Dix's request and produce any of the documents and things described in Dix's requests that are in Plaintiff's possession. Plaintiff is warned that failure to comply with this court's Memorandum and Order could result in the imposition of sanctions.

### *4. Motion to Dismiss*

Finally, Dix moves this court to dismiss Plaintiff's claim against him, arguing that he is not an actor under color of state law for purposes of 42 U.S.C. § 1983. Plaintiff filed a responsive motion asking the court to deny Dix's motion, arguing that because Dix was acting at the direction of Jason Warner and Liz Willey, two state employees, he became a state actor.

To state a claim upon which relief can be granted, a plaintiff must set forth sufficient facts to "nudge[] their claims across the line from conceivable to plausible." *See generally Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

6

To succeed on a section 1983 claim, a plaintiff must prove that the defendants deprived him of a constitutional right under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). However, to act "under color of" state law for section 1983 purposes does not require that the defendant be an officer of the state. It is enough that he is a willful participant in joint action with the state or its agents. *Id.* at 152 (holding that private persons, jointly engaged with state officials in the challenged action, are acting "under color of" state law for purposes of section 1983 actions); *see also Dennis v. Sparks*, 449 U.S. 24, 27 (1980); *United States v. Price*, 383 U.S. 787, 794 (1966).

Here, Plaintiff alleges that Defendant Dix tortiously battered and assaulted him at the direction of Nebraska state employees and co-Defendants Jason Warner and Liz Willey. (Filing No. 1 at CM/ECF p. 2.) At this stage in the proceedings, it is plausible that Dix was a willful participant in the alleged actions organized by Warner and Willey. Therefore, Plaintiff has stated a claim upon which relief may be granted and Defendant's Motion to Dismiss is denied.

IT IS THEREFORE ORDERED that:

1. By April 28, 2008, Plaintiff shall inform the court whether he would like the court to rule on his Motion to Compel Compliance with Subpoena. (Filing No. 55.) The Clerk of Court is directed to set a pro se case management deadline in this case using the following text: April 28, 2008—Check to see if Plaintiff wants ruling on Motion to Compel.

2. Defendant Kevin Dix's Motion for Appointment of Guardian Ad Litem (filing no. 60) is denied without prejudice.

3. Defendant Dix's Request for Production of Documents (filing no. 61) is denied.

4. Defendant Dix's Motion for Court Order (filing no. 62) is granted. The Clerk of Court is instructed to issue Dix two signed blank subpoenas, to be completed by Dix as provided under Federal Rule of Civil Procedure 45.

5. Defendant Dix's Motion to Compel (filing no. 63) is granted. Plaintiff is instructed to comply with Dix's request and produce documents and things described in Dix's requests that are in Plaintiff's possession.

6. Defendant Dix's Motion to Dismiss (filing no. 65) is denied without prejudice.

7. Plaintiff's Motion to Deny Defendant's Motion to Dismiss (filing no. 67) is granted.

April 8, 2008.	BY THE COURT:

	s/ *Richard G. Kopf*
	United States District Judge