IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ARTHUR MCELROY, | ) | |
| | ) | |
| Plaintiff, | ) | 4:06CV3228 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| LIZ WILLEY, JASON WARNER, | ) | **AND ORDER** |
| and KEVIN DIKS, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the parties' cross-motions for Summary Judgment. (Filing No. 89 & Filing No. 98.) Also before the court are a number of pending discovery motions and a number of motions that relate to Defendant Kevin Dix.[1]

## I.   PENDING DISCOVERY MOTIONS

On December 4, 2007 and April 15, 2008, Plaintiff filed Motions to Compel requesting that the court compel Bill Gibson, CEO of the Lincoln Regional Center ("LRC"), to answer items (3) and (6) of a subpoena served upon Gibson by Plaintiff. (Filing No. 55 & Filing No. 73.)  Plaintiff states in his April 15, 2008 Motion, that on four occasions Plaintiff has unsuccessfully attempted to contact Assistant Attorney General Vicki L. Adams counsel for Defendants Liz Willey and Jason Varner to resolve this discovery matter, but that Adams has failed to return Plaintiff's phone calls. (Filing No. 73 at CM/ECF p. 1.)

---

[1] The caption of the case spells Defendants names as Kevin Diks and Jason Warner.  However, based on previous filings with the court, it is clear that Defendants' names are actually spelled Kevin Dix and Jason Varner.  Therefore, for clarity, the court will refer to Defendants as Kevin Dix and Jason Varner.

Defendants Willey and Varner, filed a response to Plaintiff's Motions to Compel accompanied by an Index of Evidence. (Filing No. 76 & Filing No. 79.) In their response, Defendants state that on April 4, 2008 Vicki Adams was transferred to a different section of the Attorney General's office and that her cases were transferred to Assistant Attorney John Jelkin on April 11, 2008. (Filing No. 76, Attach. 1, at CM/ECF p. 1.) Defendants state that item (3) of Plaintiff's Subpoena is a request for Varner's disciplinary file and item (6) requests production of any written observations and/or evaluation of either Willey, Varner, or Dix. (*Id.* at CM/ECF p. 1-2.)

In response to the subpoena, Defendants attached a Memorandum from Scott Rasmussen, Human Resources manager for the LRC, to Gibson, stating that in response to item (3) of Plaintiff's subpoena, Varner was not terminated from the LRC for Disciplinary reasons. (Filing No. 79, Attach. 2, at CM/ECF p. 1.) Furthermore, Defendants provided an Affidavit of Stacey Werth-Sweeney, Facility Operations Officer/Director of Risk Management at the LRC, stating that the LRC does not have a disciplinary record referencing allegations of violence on file for either Varner or Willey. (*Id*. at Attach. 3, at CM/ECF p. 1.) Defendants also attached a Memorandum from Tracy Skala, a Human Resources employee at the LRC, to Gibson, stating that there is no information responsive to item (6) of Plaintiff's subpoena with respect to Dix because he has never been an employee of the LRC. (*Id*. Attach. 4, at CM/ECF p. 1.)

Based on Defendants' response to Plaintiff's Motions to Compel, it appears that Defendants have provided Plaintiff with the requested information. Accordingly, Plaintiff's Motions to Compel are denied.

Plaintiff also filed a Motion for the Clerk to Sign and Affix the Seal of the Court on a Subpoena. (Filing No. 85.) Plaintiff's Motion states that he has attached a subpoena that complies with Federal Rule of Civil Procedure 45, and that he is

requesting that the Clerk of court sign and affix the Clerk's seal to his accompanying subpoena. (Filing No. 85.) Plaintiff's subpoena commands Bill Gibson to produce copies of the disciplinary files of Clarence Moores, Daniel Descent, any investigative reports produced by Scott Loder, or any other investigator that were reported by Scott Loder explaining why he did not seek or receive an incident report from Varner about the altercation between Dix and McElroy on April 27, 2006. The subpoena further seeks any reports made by LRC to the Nebraska State patrol that features Clarence Moore or Daniel Descent as perpetrator or victim.

Federal Rule of Civil Procedure Rule 45(c)(3) states:

***3) Quashing or Modifying a Subpoena.***

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(I) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person--except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

Here, Plaintiff's subpoena either requests information that has already been provided to Plaintiff through the course of discovery, or irrelevant information concerning nonparties to this action. Therefore, on its own motion the court finds that the subpoena is overly burdensome, and denies Plaintiff's Motion for the Clerk to Sign and Affix the Seal of the Court on a Subpoena.

## II. DIX MOTIONS

Defendant Dix moves this court to allow a fellow inmate, Jack MacGregor, to represent Dix in these proceedings. (Filing No. 75.) Dix has not established that MacGregor is licensed to practice law, and therefore, the representation of Dix by MacGregor would constitute the unauthorized practice of law. Accordingly, Defendant's Motion is denied.

Nebraska Department of Health and Human Services ("HHS") filed Motions to Quash Defendant Dix's subpoenas instructing Robert Houston, Director of the Department of Corrections, and Bill Gibson to provide him with complete mental health records/file of Kevin J. Dix. (Filing No. 81 at CM/ECF pp. 1-2 & Filing No. 83 at CM/ECF pp. 1-2.) HHS argues that Nebraska state law prohibits the release of these files. Because the court's resolution of the pending Motions for Summary Judgment will dispose of this case, the Motions to Quash are denied as moot.

## III. CROSS-MOTIONS FOR SUMMARY JUDGMENT

### A. Background

Plaintiff filed his Complaint in this matter against HHS, Liz Willey in her individual and official capacities, Jason Varner in his individual and official capacities, and Kevin Dix on October 2, 2006. (Filing No. 1.) In his Complaint, Plaintiff alleges that Defendants Willey and Varner conspired with Defendant Dix to

tortiously assault and batter McElroy, Dix tortiously assaulted and battered Plaintiff, and that HHS was responsible for the acts committed by Willey and Varner. (Filing No. 1 at CM/ECF pp. 1-2.) On November 27, 2006, Defendants HHS and Willey filed Motions to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Filing No. 12 & Filing No. 14.) On May 9, 2007, this court granted the motions and dismissed Defendants HHS and Willey in her official capacity based on Eleventh Amendment immunity. (Filing No. 28.) On May 31, 2007, Defendant Jason Varner filed a Motion to Dismiss. (Filing No. 33.) The court granted the Motion, and dismissed Varner in his official capacity based on Eleventh Amendment immunity. (Filing No. 52.) Accordingly, the only claims remaining are Plaintiff's claims that Defendant Dix tortiously assaulted Plaintiff and that Willey and Varner conspired to tortiously assault and batter McElroy.

On May 28, 2008, Defendants Willey and Varner filed a Motion for Summary Judgment. (Filing No. 89.) In support of their Motion, Defendants filed a Brief and an Index of Evidence. (Filing No. 90 & Filing No. 91.) Plaintiff did not file a response to Defendants' Motion and the time to do so has now lapsed. However, on June 18, 2008, Plaintiff filed his own Motion for Summary Judgment. (Filing No. 98.) In support of his Motion, Plaintiff filed a Brief and an Index of Evidence. (Filing No. 99 & Filing No. 100.) Defendants filed an Objection to Plaintiff's Index of Evidence. (Filing No. 101.) On July 7, 2008, Plaintiff filed a Motion to Deny Defendants' Objection. (Filing No. 105.)

      **B.    Objection to Index of Evidence**

In Plaintiff's Index of Evidence, he has attached three Exhibits. The first Exhibit is a LRC Restraint and Seclusion Report. Defendants argue that the document lacks foundation, contains hearsay evidence, and was not a document attached to an affidavit as required by Rule 56(e). The second Exhibit is the Affidavit of Amber S. Defendants object to this Affidavit because the Affiant's full name is not

provided and portions of the Affidavit have been covered in white out and written over. The third Exhibit is the Affidavit of Arthur McElroy. Defendants object to this Affidavit because the document contains self-serving testimony and lacks foundation.

The Federal Rules of Civil Procedure and the court's local rules require that evidence in support of a motion for summary judgment be "authenticated by affidavit." NECivR 7.1(b)(2)(C); *see also Stuart v. General Motors Corp.*, 217 F.3d 621, 636 n.20 (8th Cir. 2000) ("To be considered on summary judgment, documents must be authenticated by and attached to an affidavit made on personal knowledge setting forth such facts as would be admissible in evidence or a deposition that meets the requirements of [Rule 56(e)]. Documents which do not meet those requirements cannot be considered.").

Federal Rule of Civil Procedure 56e states:

e) Affidavits; Further Testimony.

(1) In General. A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits.

Plaintiff's Exhibit A is attached to Plaintiff's Index but there is no Affidavit identifying who prepared the document or under what conditions it was prepared. Because Plaintiff's Exhibit A is not properly authenticated in accordance with the court's local rules or the Federal Rules of Civil Procedure, the court will not consider this Exhibit as evidence in its summary judgment determination. The court also agrees that there are foundational problems with the Affidavit of Amber S., but because nothing contained in the Affidavit is relevant to the court's decision, it will

6

not strike the Affidavit from the record. Furthermore, Defendants' Objection to the Affidavit of Arthur McElroy is overruled.

### C. Statement of Uncontroverted Facts

1. McElroy is an involuntarily committed patient at the Lincoln Regional Center. (Filing No. 91, Attach. 2, at CM/ECF pp. 2, 9-14.)

2. At the time of the events in Plaintiff's Complaint, Defendant Willey was an employee of the Lincoln Regional Center. (Id. Attach. 3, at CM/ECF p. 1.)

3. At the time of the events in Plaintiff's Complaint, Defendant Varner was an employee of the LRC. (Id. Attach. 4, at CM/ECF p. 1.)

4. At the time of the events in Plaintiff's Complaint, Defendant Dix was a patient at the LRC. (Id. Attach. 2, at CM/ECF p. 3.)

5. On April 27, 2006, Dix assaulted Plaintiff. Dix and Plaintiff were fighting over a chair when Dix pushed Plaintiff to the floor and punched Plaintiff on the left side of his face multiple times. (Id. at CM/ECF p. 14 & Filing No. 99 at CM/ECF p. 3.)

6. LRC staff separated Dix and Plaintiff. After the incident, Plaintiff was offered medical care by LRC staff, which Plaintiff refused. (Filing No. 91, Attach. 2, at CM/ECF pp. 14-15.)[2]

---

[2] Any other facts included in Plaintiff's Motion for Summary Judgment relate to individuals that are not the subject of this law suit or are based on evidence that was not properly authenticated.

### D. Standard of Review

Summary judgment should be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). *See also* *Egan v. Wells Fargo Alarm Servs.*, 23 F.3d 1444, 1446 (8th Cir. 1994). It is not the court's function to weigh evidence in the summary judgment record to determine the truth of any factual issue. *Bell v. Conopco, Inc.*, 186 F.3d 1099, 1101 (8th Cir. 1999). In passing upon a motion for summary judgment, the district court must view the facts in the light most favorable to the party opposing the motion. *Dancy v. Hyster Co.*, 127 F.3d 649, 652 (8th Cir. 1997).

In order to withstand a motion for summary judgment, the nonmoving party must substantiate his allegations with "sufficient probative evidence [that] would permit a finding in [his] favor on more than mere speculation, conjecture, or fantasy." *Moody v. St. Charles County*, 23 F.3d 1410, 1412 (8th Cir. 1994) (quotation omitted). "A mere scintilla of evidence is insufficient to avoid summary judgment." *Id.* Essentially the test is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

### E. Legal Analysis

Defendants argue that summary judgment should be granted because there is no genuine issue of material fact that Plaintiff's Eighth or Fourteenth Amendment rights were violated, or that Defendants engaged in a conspiracy to deprive Plaintiff of any constitutional or federal rights. Plaintiff argues that he is entitled to summary

judgment because Defendants violated his substantive due process rights because they were deliberately indifferent to his safety.[3]

In his Complaint, Plaintiff does not allege any specific violation of his federal or constitutional rights. Rather, he claims that Defendants Willey and Varner conspired with Defendant Dix to assault him. Liberally construed Plaintiff is raising claims under 42 U.S.C. § 1983. Section 1983 prohibits a person acting under color of state law from depriving another person of those "rights, privileges, or immunities secured by the Constitution and laws ..." 42 U.S.C. § 1983. When stating a claim under Section 1983, plaintiff must establish (1) the deprivation of a right secured by the Constitution or the laws of the United States, and (2) that the deprivation was committed under "color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### 1. *Conspiracy Claim*

Plaintiff claims that Defendants Willey and Varner conspired with Defendant Dix by allowing Dix to assault Plaintiff in order to prevent Plaintiff from asserting his constitutional rights.

To advance on his Section 1983 conspiracy claim, Plaintiff "must allege with particularity and specifically demonstrate with material facts that the defendants

---

[3]In Plaintiff's Motion for Summary Judgment, he argues for the first time that Defendant Willey was deliberately indifferent to his safety and security because she improperly transferred Defendant Dix from a higher security ward to the ward where Plaintiff resides. Furthermore, Plaintiff argues for the first time that Defendant Willey also improperly transferred two other patients, Clarence Moore and Daniel Descent. These claims were not raised in Plaintiff's Complaint, and at no time during the pendency of this case did Plaintiff move the court to amend his Complaint to include these claims. Therefore, the Summary Judgment Motions will go forward on the claims raised in Plaintiff's Complaint, that Defendants Willey and Varner conspired with Defendant Dix to tortiously assault Plaintiff.

reached an agreement." *Marti v. City of Maplewood*, 57 F.3d 680, 685 (8th Cir. 1995) (quotations and citation omitted).

To establish a conspiracy claim Plaintiff must show: (1) that the defendant conspired with others to deprive him of constitutional rights; (2) that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and (3) that the overt act injured the plaintiff. *Askew v. Millerd*, 191 F.3d 953, 957 (8th Cir. 1999). The plaintiff "is additionally required to prove a deprivation of a constitutional right or privilege in order to prevail on a § 1983 civil conspiracy claim." *Id.*

As Defendants argue, Plaintiff has failed to assert any facts to establish that Defendants conspired with Dix to assault, batter or intimidate Plaintiff. Defendants Willey and Varner submitted affidavits denying that they directed Dix to assault Plaintiff, and Plaintiff has not set forth any evidence to challenge their assertions. (*See* Filing No. 91, Attach. 3, at CM/ECF p. 1; Attach. 4 at CM/ECF p. 1.) Furthermore, Plaintiff does not even address the alleged conspiracy in his Motion for Summary Judgment; rather, he makes additional unsupported claims against Defendant Willey. Accordingly, the only support for Plaintiff's claim of an alleged conspiracy are the unsupported allegations in his Complaint. At the summary judgment stage, the nonmoving party may not "'rest on mere allegations or denials' but must demonstrate on the record the existence of specific facts which create a genuine issue for trial." *Krenik v. County of Le Seur*, 47 F.3d 953, 957 (8th Cir. 1995) (citation omitted). Plaintiff has failed to proffer any evidence to establish a conspiracy between Defendants Willey and Varner and Defendant Dix. Therefore summary judgment is granted in favor of Defendants Willey and Varner on this issue.

Because Plaintiff cannot establish a conspiracy on the part of Defendants, he cannot establish that Defendant Dix was acting under the color of state law. Therefore, Defendant Dix is dismissed from this action. *See Adickes v. S.H. Kress &*

*Co.*, 398 U.S. 144, 150-151 (1970) (holding that only when private persons are jointly engaged with state officials in the challenged action, are they acting "under color" of law for purposes of § 1983 actions).

### 2. *Deliberate-Indifference Claim*

While not specifically alleged in his Complaint, liberally construed, Plaintiff's remaining claim is that Defendants Varner and Willey were deliberately indifferent to his safety. When a person is involuntarily confined in a state mental health facility, the State has a duty imposed by the Substantive Due Process Clause of the Fourteenth Amendment to provide a "reasonably safe environment." *Beck v. Wilson*, 377 F.3d 884, 890 (8th Cir. 2004). "To recover under § 1983 for a breach of that constitutional duty, a plaintiff must prove that a state official either intentionally violated the duty (such as criminal assault by a staff member) or was deliberately indifferent to a known excessive risk to patient safety (such as assault by another patient)." *Elizabeth M. v. Montenez*, 458 F.3d 779, 786 (8th Cir. 2006). To establish deliberate indifference under the Fourteenth Amendment, Plaintiff must show that the state actor's behavior shocked the conscience. *Beck*, 377 F.3d at 884.

Here Plaintiff does not claim that either Willey or Varner personally assaulted Plaintiff. Therefore, Plaintiff must establish that Willey and Varner were deliberately indifferent to Plaintiff's safety. The undisputed facts surrounding the April 27, 2005 incident are that Dix threw Plaintiff to the ground and punched Plaintiff's face, LRC employees separated Dix and Plaintiff soon after the assault occurred, and Plaintiff was offered medical assistance, which Plaintiff refused. Furthermore, the incident report completed that day states that LRC staff checked on Plaintiff frequently for the remainder of the day. Therefore, because staff immediately intervened on Plaintiff's behalf, offered him medical attention, and followed-up to ensure he was not seriously injured, Plaintiff cannot establish that the behavior of Willey or Varner shocked the conscience and was deliberately indifferent to Plaintiff's safety. Therefore, summary

judgment is granted in favor of Defendants Willey and Varner and Plaintiff's Complaint is dismissed with prejudice.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motions to Compel (filing no. 55 & filing no. 73) are denied.

2. Defendant Dix's Motion to have Jack MacGregor appointed counsel (filing no. 75) is denied.

3. Defendants Willey's and Varner's Motions to Quash (filing no. 80 & filing no. 82) are denied as moot.

4. Plaintiff's Request for the Clerk to Sign and Affix the Seal of the Court on Subpoena (filing no. 85) is denied.

5. Defendants Varner's and Willey's (filing no. 89) Motion for Summary Judgment is granted.

6. Defendant Dix is dismissed from this action.

7. Defendants Willey's and Varner's Motion to Stay (filing no. 93) is denied as moot.

8. Plaintiff's Motion to Compel (filing no. 95) is denied as moot.

9. Plaintiff's Motion for Summary Judgment (filing no. 98) is denied.

10. Defendants' Objection to Index of Evidence (filing no. 101) is granted in part and denied in part as set forth in this Memorandum and Order.

11.     Plaintiff's Motion to Deny Defendants' Objection ([filing no. 105](filing no. 105)) is granted in part and denied in part as set forth in this Memorandum and Order.

12.     A separate Judgment will be entered.

July 14, 2008.                          BY THE COURT:

                                         s/*Richard G. Kopf*
                                        United States District Judge